IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SHANNON LEE BAXIN,

    Petitioner,

v.                                               No. 1:19-cv-01237-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER DIRECTING PETITIONER TO FILE STATEMENT
AND
SUSPENDING BRIEFING SCHEDULE

Petitioner, Shannon Lee Baxin, filed a *pro se* motion to vacate, set aside, or correct her sentence (the "Petition"), pursuant to 28 U.S.C. § 2255.  (Docket Entry ("D.E.") 1.)[1] Now before the Court is Petitioner's June 11, 2020, letter advising that she "would . . . like to withdraw[]" the Petition.  (D.E. 12.)  For the following reasons, the Court declines, at this time, to construe the correspondence as a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a) and DIRECTS Petitioner to file a statement clarifying her intentions.

On May 20, 2019, Petitioner filed her first 28 U.S.C. § 2255 petition.  (*See Baxin v. United States*, No. 1:19-cv-01097-JDB-jay (W.D. Tenn.), D.E. 1 ("May Petition").)  She subsequently voluntarily dismissed the case.  (*Id.*, D.E. 3; *id.*, D.E. 4.)

On October 7, 2019, the inmate filed the Petition as the case-initiating pleading in the present matter.  (D.E. 1.)  By order dated May 13, 2020, the Court directed Respondent, United States of America, to respond to the Petition within twenty-eight days.  (D.E. 7.)  Respondent sought an extension of time to file its response (D.E. 10), which the Court granted (D.E. 11).  The

---

[1] Unless otherwise indicated, record citations are to documents filed in the instant matter.

Government was given until July 10, 2020, to respond to the Petition. Baxin's letter was docketed on June 11, 2020. (D.E. 12.)

Federal Rule of Civil Procedure 41(a)(1) provides that a plaintiff is entitled to dismiss an action without an order of the court prior to the filing of an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A). The Rule also specifies that, "[u]nless the notice . . . states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B).

In the present case, Respondent has not yet filed a responsive pleading. The inmate is therefore allowed to voluntarily dismiss the case without a Court order. However, a voluntary dismissal would operate as an adjudication on the merits, as the Petition is a duplicate of the voluntarily-dismissed May 2019 Petition and, thus, necessarily contains the same claims as that previous pleading. Given Petitioner's *pro se* status, the Court determines that the appropriate course is to allow the inmate an opportunity to consider whether she wishes to voluntarily dismiss the case knowing that the dismissal will be with prejudice.

Accordingly, Petitioner is DIRECTED to file a statement within twenty-eight days of entry of this order indicating whether she wishes her letter to be regarded as a notice of voluntary dismissal. A failure to timely submit the statement will be construed as an intention to voluntarily dismiss the action with prejudice.

The briefing schedule in this case is SUSPENDED until further notice.

IT IS SO ORDERED this 15th day of June 2020.

    s/ J. DANIEL BREEN
    UNITED STATES DISTRICT JUDGE