IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SHANNON LEE BAXIN,

    Petitioner,

v.                                                                                              No. 1:19-cv-01237-JDB-jay
                                                                              Re: 1:16-cr-10045-JDB-4

UNITED STATES OF AMERICA,

    Respondent.

ORDER DIRECTING CLERK TO MODIFY DOCKET,
ACKNOWLEDGING  NOTICE OF VOLUNTARY DISMISSAL,
DENYING MOTION FOR COUNSEL AS MOOT,
DIRECTING ENTRY OF JUDGMENT FOR RESPONDENT,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

    Petitioner, Shannon Lee Baxin, has filed a pro se motion to vacate, set aside, or correct her sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.)[1] She asserts six ineffective-assistance-of-counsel claims. Now before the Court are Baxin's motion for appointment of counsel (D.E. 16) and her notice of voluntary dismissal (D.E. 21).[2] For the following reasons, the Court ACKNOWLEDGES the notice, DENIES the motion for counsel as moot, and directs ENTRY of judgment for the Respondent, United States of America.

    On May 20, 2019, Petitioner filed her first 28 U.S.C. § 2255 petition. (*See Baxin v. United States*, No. 1:19-cv-01097-JDB-jay (W.D. Tenn.) ("Case No. 1:19-cv-01097-JDB-jay"), D.E. 1.) She subsequently voluntarily dismissed the case. (*Id.*, D.E. 4.)

---

    [1] Unless otherwise indicated, record citations are to documents filed in the instant matter.

    [2] The notice of voluntary dismissal was incorrectly recorded on the docket as "Letter [W]ithdrawing Motion for Appointment of New Counsel." (D.E. 21.) The Clerk is therefore DIRECTED to modify the docket to record the document at D.E. 21 as "Petitioner's Notice of Voluntary Dismissal."

On October 7, 2019, the inmate filed the Petition as the case-initiating pleading in the present matter. By order dated May 13, 2020, the Court directed Respondent, United States of America, to respond to the Petition within twenty-eight days. Respondent sought an extension of time to file its response, which the Court granted. The Government was given until July 10, 2020, to respond to the Petition. Prior to the expiration of that time, the inmate filed a letter stating that she wished to dismiss the case. On June 15, 2020, the Court entered an order informing Petitioner that a voluntary dismissal "would operate as an adjudication on the merits." (D.E. 13 at PageID 40.) She was therefore directed to file a statement "indicating whether she wishe[d] her letter to be regarded as a notice of voluntary dismissal." (*Id.*) In compliance with the order, Baxin filed a statement in which she expressed that she did not desire to voluntarily dismiss the case. On October 9, 2020, the Court acknowledged the statement and once again directed Respondent to respond to the Petition.

Petitioner subsequently filed her motion for appointment of counsel. On July 26, 2021, she submitted a letter stating in pertinent part:

> I would like to withdraw the 2255 motion, for inadequate counsel, as of today.
> I understand this could be dismissed with prejudice.
> This decision is of my own free will, without threats, intimidation on anyone's part.
> Please accept this letter as my final withdraw and if needed, could the Court use this letter as a motion to withdraw.

(D.E. 21 at PageID 59 (first sentence corrected for typographical errors).)

Federal Rule of Civil Procedure 41(a)(1) provides that a plaintiff is entitled to dismiss an action without an order of the court prior to the filing of an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A). The Rule also specifies that, "[u]nless the notice . . . states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-

or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B).

In the present case, Respondent has not yet filed a responsive pleading. The inmate is therefore allowed to voluntarily dismiss the case without a Court order. However, the voluntary dismissal operates as an adjudication on the merits, as the Petition is a duplicate of the voluntarily-dismissed petition in Case No. 1:19-cv-01097-JDB-jay and, thus, necessarily contains the same claims as that previous pleading. The dismissal is therefore with prejudice.

Accordingly, the Court ACKNOWLEDGES the notice of voluntary dismissal, DENIES the motion for appointment of counsel as moot, and DIRECTS entry of judgment for Respondent.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to acknowledge the notice of voluntary dismissal and direct entry of judgment for Respondent. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is therefore DENIED.[3]

IT IS SO ORDERED this 2nd day of August 2021.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, she must also pay the full $505.00 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.